1

2

3

4

5 UNITED STATES DISTRICT COURT

6 NORTHERN DISTRICT OF CALIFORNIA

7

8 YEWHALA ESHET ABEBE,                          No. C 09-3644 MHP (pr)

9            Petitioner,                        **ORDER OF DISMISSAL**

10     v.

11 JERRY BROWN, Attorney General
   Of The State Of California,
12
              Respondent.
13 _____/

14
                          **INTRODUCTION**
15
16         Yewhala Eshet Abebe, an inmate at the Florence Detention Center in Florence,

17 Arizona, filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Now

18 before the court for consideration is respondent's motion to dismiss the petition as untimely

19 or for lack of jurisdiction.  Abebe has opposed the motion.  The court finds that the petition

20 was not timely filed and dismisses it.

                          **BACKGROUND**
21
22         In 1992, Abebe pled guilty in Santa Clara County Superior Court to two counts of

23 lewd and lascivious conduct upon a child, and was placed on probation that included one

24 year in county jail and a requirement that Abebe register as a sex offender.  Abebe did not

25 appeal his conviction.  On February 9, 1993, Abebe filed a motion with the Santa Clara

26 County Superior Court to withdraw his guilty pleas.  On May 7, 1993, the court heard and

27 denied his motion.  The California Court of Appeal affirmed the trial court's denial of his

28 motion on June 15, 1994.

**United States District Court**
For the Northern District of California

1    Abebe filed numerous unsuccessful state habeas petitions in 2009 with the Santa Clara

2    County Superior Court, California Court of Appeal, and California Supreme Court.  His first

3    petition was filed on June 24, 2009 in the California Court of Appeal.  The California Court

4    of Appeal issued the most recent denial of his habeas petition on April 6, 2010.

5    Abebe's federal petition originally was filed in the U.S. District Court for the Central

6    District of California, and later was transferred to this court.  His federal petition was signed

7    on July 11, 2009, and was stamped "filed" in the Central District on July 16, 2009.  For

8    purposes of the present motion, the court assumes that Abebe put the petition in the prison

9    mail the day he signed it and uses that as the filing date under the prisoner mailbox rule.  See

10   generally Houston v. Lack, 487 U.S. 266, 276 (1988).

11                                   **DISCUSSION**

12   Petitions filed by prisoners challenging non-capital state convictions or sentences

13   must be filed within one year of the latest of the date on which:  (1) the judgment became

14   final after the conclusion of direct review or the time passed for seeking direct review; (2) an

15   impediment to filing an application created by unconstitutional state action was removed, if

16   such action prevented petitioner from filing; (3) the constitutional right asserted was

17   recognized by the Supreme Court, if the right was newly recognized by the Supreme Court

18   and made retroactive to cases on collateral review; or (4) the factual predicate of the claim

19   could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

20   For cases in which the convictions became final before the April 24, 1996 enactment of the

21   Antiterrorism and Effective Death Penalty Act ("AEDPA"), the petitioners had a one-year

22   grace period so that their petitions were due by April 24, 1997.  See Patterson v. Stewart, 251

23   F.3d 1243, 1245-46 (9th Cir. 2001).

24   Abebe receives the benefit of the one-year grace period because his conviction

25   became final in 1992, before the AEDPA was enacted.  The presumptive deadline for Abebe

26   to file his federal petition therefore was April 24, 1997.  He missed that deadline by over

27   twelve years, so unless he is entitled to significant tolling, his petition was very untimely.

28

2

1    The one-year limitations period will be tolled for the "time during which a properly

2    filed application for State post-conviction or other collateral review with respect to the

3    pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  By the time Abebe's first

4    state petition was filed in 2009, the limitations period had already ended so he receives no

5    statutory tolling for the state habeas petitions.  See Ferguson v. Palmateer, 321 F.3d 820, 823

6    (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period

7    that has ended before the state petition was filed").

8    The one-year limitations period can be equitably tolled because § 2244(d) is not

9    jurisdictional.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "'A litigant seeking

10   equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing

11   his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  Id. at

12   2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Rasberry v. Garcia,

13   448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace).

14   Abebe seems to argue that the limitations period should be equitably tolled because he

15   is actually innocent.  See Opposition Brief (Docket # 12), pp. 2, 5-7.  This reason does not

16   warrant equitable tolling to make his petition filed over twelve years after the presumptive

17   deadline timely.  The actual innocence gateway through limitations on second habeas

18   petitions and procedurally defaulted petitions established in Schlup v. Delo, 513 U.S. 298

19   (1995), is not available to a petitioner whose original petition is otherwise barred by

20   AEDPA's limitations period.  See Lee v. Lampert, 610 F.3d 1125, 1136 (9th Cir. 2010)

21   (reversing and remanding to dismiss habeas petition as untimely upon concluding "there is

22   no 'actual innocence' exception to the one-year statute of limitations for filing an original

23   petition for habeas corpus relief").  Abebe also argues in his opposition that he received

24   ineffective assistance of counsel in the trial court and felt pressured to plead guilty.  These

25   arguments concern the merits of his claims and do not show a reason to equitably toll the

26   limitations period.  Abebe has not shown that it was impossible for him to file his federal

27

28

3

petition on time.  Abebe's federal petition was filed over twelve years after the deadline for filing a federal habeas petition to challenge the conviction.  The petition is time-barred.

The court has not been provided with enough information to decide whether Abebe satisfies the custody requirement.  A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed.  See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  A person who has fully served his sentence and who is not subject to court supervision is not "in custody."  See DeLong v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).  And a person who currently is detained by the federal immigration authority and facing removal on the basis of an expired state-court conviction is not in custody pursuant to the judgment of a state court and therefore may not file a habeas petition under 28 U.S.C. § 2254.  See Resendiz v. Kovensky, 416 F.3d 952, 958 (9th Cir. 2005).  On the other hand, a person who currently is incarcerated for failing to comply with a sex offender registration requirement may satisfy the custody requirement.  See Zichko v. Idaho, 247 F.3d 1015, 1019-20 (9th Cir. 2001) (holding that "a habeas petitioner is in custody for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law[,] because the earlier rape conviction is a necessary predicate to the failure to register charge").  Neither party has explained why Abebe currently is housed in the Florence Detention Center, e.g., due to new criminal charges or awaiting removal.  Thus, the court cannot determine whether Abebe satisfies the custody requirement to challenge his California conviction.

## CONCLUSION

Respondent's motion to dismiss is GRANTED.  (Docket # 11.)  The petition is dismissed because it was not filed before the expiration of the statute of limitations period. The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 4, 2010

_____
Marilyn Hall Patel
United States District Judge

4